In the Matter of the Application of the HUGUENOT TRUST COM-
PANY to Compel MARGARET KRUGER and Others to Satisfy
Judgments against the HUGUENOT TRUST COMPANY Obtained
in the Action of MARGARET KRUGER against HUGUENOT TRUST
COMPANY.

HUGUENOT TRUST COMPANY, Appellant; MARGARET KRUGER,
Respondent.

Second Department, January 22, 1937.

*Ralph S. Kent,* for the appellant.

*Chester A. Slocum* [*Henry R. Barrett* with him on the brief], for
the respondent.

PER CURIAM. Some time prior to May 2, 1930, respondent was
injured by falling on the sidewalk in front of the premises owned by
the appellant, and she instituted an action against appellant to
recover damages, alleging her injuries were due to its negligence.
On January 2, 1934, while the action was pending, the Superin-

tendent of Banks, pursuant to section 57 of the Banking Law, took possession of appellant. On January 26, 1934, the Superintendent surrendered possession and permitted appellant to be reopened on certain terms and conditions, one of which was that appellant was to make available to its depositors and creditors fifty per cent of their general deposits and for the remaining fifty per cent of such general deposits the appellant was to issue certificates of beneficial interest. When the Superintendent took possession of appellant he notified all depositors and creditors to file claims. Respondent did so on February 14, 1934. The record is silent as to what action, if any, was taken with respect to the claim. In February, 1935, the action was tried and resulted in judgment for respondent, and the judgment was affirmed by this court (*Kruger* v. *Huguenot Trust Co.*, 246 App. Div. 761), and a judgment for costs entered. The judgments, with interest, amount to $3,433.06. Appellant offered to satisfy the judgment by paying fifty per cent in cash and fifty per cent in certificates of beneficial interest. Respondent rejected the offer and issued execution. Appellant then instituted this proceeding to compel respondent to satisfy her judgment on the terms embodied in its offer. The application was denied. The statute (Banking Law, § 61) authorizes the Superintendent in his discretion to surrender possession of a bank or trust company and to permit it to be reopened upon such terms and conditions as may be agreed upon by him and by its board of directors, subject to certain prerequisites defined in the statute. Neither the conditions prescribed by the statute nor the conditions fixed by the Superintendent for the reopening of appellant refer to creditors other than depositors, and, therefore, the rights of respondent were in no wise affected and she is entitled to payment of her judgments in full. In any reorganization it is the terms of the plan of reorganization which are controlling so long as such terms are within the provisions of the statute authorizing it. (*Shepherd* v. *Mount Vernon Trust Co.*, 269 N. Y. 234, 244.)

The order, in so far as an appeal is taken, should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., CARSWELL, DAVIS, JOHNSTON and ADEL, JJ., concur.

Order denying motion to compel respondent to satisfy her judgments upon the terms embodied in appellant's offer of fifty per cent in cash and fifty per cent in certificates of beneficial interest affirmed, in so far as an appeal is taken, with ten dollars costs and disbursements.